IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RUAN CREW and T.H. BROWN,

           Plaintiffs,

    v.                                   1:07-cv-2374-WSD

WASHINGTON MUTUAL BANK,

           Defendant.

## OPINION AND ORDER

The matter is before the Court on Defendant Washington Mutual Bank's ("Defendant") Motion for Summary Judgment [5] and on Plaintiffs Ruan Crew's and T.H. Brown's ("Plaintiffs") Motion to Remand [9].[1]

## I.   FACTUAL BACKGROUND[2]

Plaintiff Ruan Crew and Winston Knight purchased a home in Decatur, Georgia in December 2002.  Shortly after the purchase, the mortgage on the home

---

[1]  Plaintiffs captioned their motion as a "Motion to Failure to Answer [sic]." Plaintiffs seek remand of this case to the Superior Court of DeKalb County, and the Court construes Plaintiffs' motion as one to remand.

[2]  The Court draws its statements of fact from Plaintiffs' allegations in the Complaint in this matter and the pleadings filed in the predecessor to this action. The Court also cites to the Statement of Undisputed Facts ("SUF") [5-3] filed by Defendant.  Plaintiffs have not responded to the SUF.  Pursuant to the Court's Local Rules, each of the facts asserted by Defendant in the SUF is therefore deemed admitted.  LR 56.1B(2)(a), NDGa.

was sold to Defendant.  In approximately 2004, Mr. Knight died, and his nephew, Plaintiff T.H. Brown, moved into the residence with Ms. Crew.  Mr. Brown allegedly contacted Defendant and attempted to assume Mr. Knight's rights and obligations under the mortgage.

On February 2, 2006, Defendant notified Ms. Crew that it had elected to accelerate the mortgage on her residence because the mortgage agreement was materially breached when title to the property was transferred to Mr. Brown without Defendant's prior written consent, as required by the mortgage.

On February 13, 2006, Plaintiffs filed a complaint in the Superior Court of DeKalb County (the "2006 Action").  SUF ¶ 9.  The 2006 Action sought damages from Defendant for its decision to accelerate Plaintiffs' mortgage after title was transferred to Mr. Brown and for commencing proceedings to foreclose on the property.  Id. ¶ 10.  On March 2, 2007, Plaintiffs filed an amendment to the 2006 Action, claiming Defendant was liable for damage to Plaintiffs' roof and for Plaintiffs' losses during an alleged burglary in May 2006.  Id. ¶¶ 11-13.  Plaintiffs claimed Defendant was liable for the roof damage and burglary losses because Defendant had failed to adequately maintain insurance on the property, allegedly as required by the mortgage agreement.  Id. ¶ 14.  On April 25, 2007, Plaintiffs filed

another amendment to their complaint in the 2006 Action, claiming punitive damages in the amount of $1.5 million.  Id. ¶¶ 15-16.

Plaintiffs and Defendant appeared before the Superior Court of DeKalb County for a hearing on the 2006 Action.  On April 27, 2007, the court dismissed the 2006 Action with prejudice as a sanction for Plaintiffs' complete failure to respond to Defendant's discovery requests.  Def.'s Mot. for Summ. J. [5] at Exh. C; SUF ¶¶ 17-18.

On August 31, 2007, Plaintiffs filed this action in the Superior Court of DeKalb County.  Plaintiffs seek approximately $1.5 million in damages from Defendant for damages resulting from roof damage and repairs and a May 2006 burglary of Plaintiffs residence.  SUF ¶¶ 2-4.  Plaintiffs contend in this action that Defendant failed to adequately maintain insurance on the property.  Id. ¶ 5.

On September 28, 2007, Defendant removed the action to this Court.[3]

On October 15, 2007, Defendant moved for summary judgment on all claims asserted against it.  Defendant argues that this action is barred by claim preclusion

_____

[3] The Court has diversity jurisdiction over this action.  28 U.S.C. § 1332(a). Plaintiffs claim damages well in excess of $75,000.00 and allege that they reside in the State of Georgia.  Defendant is a national banking association and a citizen of Nevada.  Def.'s Mot. for Summ. J. at Exh. A.

or issue preclusion and should be dismissed for insufficient process and insufficient service of process.[4]

On January 8, 2008, Plaintiffs moved for judgment in their favor and for remand to the Superior Court of DeKalb County.

## II.   DISCUSSION

### A.   The Standard on a Motion to Remand

A civil case filed in state court may be removed to federal court if the district court has original jurisdiction over the case.  28 U.S.C. § 1441(a); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  A removing defendant bears the burden of proving the existence of federal jurisdiction.  Tapscott, 77 F.3d at 1356.

---

[4] Plaintiffs do not dispute that this action has not been properly served on the Defendant, and no summons has been issued by the Clerk of the Superior Court of DeKalb County.  SUF ¶ 6; see O.C.G.A. § 15-6-61(a)(3); Fed. R. Civ. P. 4(a).

If federal subject matter jurisdiction over a removed case is absent, the case must be remanded to state court.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  Id.

**B.    The Standard on a Motion for Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  "The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  Id.

-5-

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

C.     **Analysis**

1.     **Plaintiffs' Motion to Remand**

Plaintiffs have not identified any reason why remand is appropriate. In its notice of removal, Defendant adequately alleged facts sufficient to vest diversity jurisdiction over this action in this Court. Plaintiffs' argument for remand does not seek to contradict any of Defendant's allegations or show any other reason for why

this Court lacks subject matter jurisdiction or why Defendant's removal was otherwise improper.  Plaintiffs' Motion to Remand is denied.

### 2.    Claim Preclusion

"Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well." In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006), cert. denied, 127 S. Ct. 836 (2006).  "Claim preclusion applies to an order or judgment when four conditions are satisfied.  First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process.  Second, the judgment must be final and on the merits.  Third, there must be identity of both parties or their privies.  Fourth, the later proceeding must involve the same cause of action as involved in the earlier proceeding." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990).   "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." Id. at 1551. "When all of the requirements of claim preclusion are satisfied, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action

or suit between the same parties not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every claim which might have been presented." Id. at 1552 (internal quotation marks omitted).

Federal courts have consistently accorded preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would accord such preclusive effect. Allen v. McCurry, 449 U.S. 90, 96 (1980). Georgia law provides for claim preclusion in the same manner as federal courts. Hardwick v. Williams, 613 S.E.2d 215, 217 (Ga. App. 2005) ("where there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have been litigated in an earlier action") (internal quotation marks omitted); Sanders v. Trinity Universal Ins. Co., 647 S.E.2d 388, 391 (Ga. App. 2007); O.C.G.A. § 9-12-40.

The judgment in the 2006 Action satisfies all the requirements for claim preclusion. The Superior Court of DeKalb County was of competent jurisdiction to adjudicate Plaintiffs' 2006 Action, and Plaintiffs' have not questioned the validity of the Superior Court's judgment. See Ga. Const. Art. VI, Sec. IV, Para. 1 (vesting jurisdiction in the Superior Courts).

The Superior Court's judgment was final and on the merits.  Georgia courts have held that dismissal of a plaintiff's complaint as a sanction for failure to comply with discovery obligations is a dismissal on the merits for claim preclusion purposes.  Caswell v. Caswell, 290 S.E.2d 171, 171-72 (Ga. App. 1982).  "A dismissal with prejudice *operates* as an adjudication on the merits.  It is a final disposition.  It bars the right to bring another action on the same claim or cause." Marchman & Sons, Inc. v. Nelson, 306 S.E.2d 290, 293 (Ga. 1983) (emphasis in original); accord Suggs v. Hale, 629 S.E.2d 11, 14 (Ga. App. 2006) (a "dismissal with prejudice is a judgment on the merits for purposes of res judicata").  The Superior Court of DeKalb County dismissed the 2006 Action with prejudice for Plaintiffs' complete failure to respond to discovery requests by the Defendant. That dismissal operates as a final judgment on the merits.

The third element is easily satisfied, because the parties in this action and the 2006 Action are identical.

Finally, this action involves the same "cause of action" as the 2006 Action. Claims are part of the same "cause of action" when they arise out of the same transaction or series of transactions.  In re Justice Oaks II, 898 F.2d at 1551. Plaintiffs' asserted a total of four claims in the 2006 Action – wrongful

foreclosure, failure to maintain insurance for Plaintiffs' roof damage and the burglary, and punitive damages.  In this action, Plaintiffs again assert claims for the Defendant's alleged failure to maintain insurance and to pay for Plaintiffs' roof damage and burglary losses, and for punitive damages.  The Plaintiffs are attempting to assert three of the four claims they had previously asserted in the 2006 Action.  The causes of action Plaintiffs assert in this case involve the same "cause of action" as the 2006 Action – indeed, the claims are identical.

Having determined that the 2006 Action satisfies the four prerequisites for the applicability of claim preclusion, the Court is required to dismiss not only the claims actually asserted in the 2006 Action, but also "every claim which might have been presented" in the 2006 Action.  In re Justice Oaks II, 898 F.2d at 1552. In this action, Plaintiffs assert claims identical to what they asserted in the 2006 Action, and this action is required to be dismissed.[5,6]

---

[5]  Even if the claims asserted in this action were not identical, it appears that the claims asserted in this action arise from the same transaction or series of transactions at issue in the 2006 Action.  Plaintiffs' claims in both actions arise entirely from the relationship between them and the Defendant with respect to the mortgage on Plaintiffs' residence, including the Defendant's obligations under the mortgage agreement.

[6]  The Court has determined that this action must be dismissed because of the preclusive effect of the Superior Court of DeKalb County's judgment in the 2006

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [9] is

**DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion for

Summary Judgment [5] is **GRANTED**.

**SO ORDERED** this 6th day of March 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Action.  Because the Court is required to dismiss this action on claim preclusion
grounds, the Court need not, and does not, address Defendant's other arguments
for dismissal based on issue preclusion (collateral estoppel), insufficiency of
process, and insufficient service of process.